BOARD OF COUNTY COMMISSIONERS OF HOUSTON COUNTY *vs.*
MORRIS K. JESSUP & others.

April 25, 1876.

**Tax Law of 1874—Publication of Delinquent List.**—In proceedings to enforce payment of taxes under Laws 1874, ch. 1, the objection that the county commissioners did not designate the paper in which the list of taxes should be published is not proper matter of answer, but should be made by objection to, or motion to dismiss, the proceedings before answering.

**Same—Remission Required by Act of 1875.**—In such proceedings it is good matter of defence, *pro tanto*, that the county commissioners have omitted to remit a part of the taxes on the list, as directed by Laws 1875, ch. 10.

Proceeding in the district court for Houston county, under the tax law of 1874, (Laws 1874, ch. 1,) to enforce payment of taxes on real estate in that county remaining delinquent on June 1, 1875. The defendants, owners of lands

proceeded against, appeared and filed an answer, the substance of which is stated in the opinion. A demurrer to the answer was overruled by *Page*, J., who, on application of the plaintiff, certified the case to this court under § 120 of the act before cited.

*James O'Brien* and *Hugh Cameron*, for plaintiff.

*Cameron, Losey & Bunn* and *Harris & Lester*, for defendants.

GILFILLAN, C. J.   In the proceedings to enforce, against the lands involved, payment of taxes imposed for the year 1874, the owners interposed an answer, alleging as matters of defence, first, that the board of county commissioners never, by resolution, designated the paper in which to publish the list of lands upon which the taxes are delinquent, as required by Laws 1874, ch. 1, § 112. The second defence, as we gather it from the answer itself, and what seems to be conceded in the briefs of counsel, amounts to this : that at its July session, 1874, the board of county commissioners equalized the assessments of property, and determined, as the amount to be raised by taxes, upon five mills on the dollar of the assessed valuation, as equalized by them ; that the state board of equalization, in September, increased the assessed valuation 130 per cent. ; and that, the resolution levying five mills on the dollar not having been modified, nor any part of it remitted under Laws 1875, ch. 10, the amount of tax appearing on the list is produced by estimating it at five-mills on the dollar on the valuation, as increased by the state board. To the answer a demurrer was interposed and overruled.

As to the first of these defences, while we have no doubt that the objection goes to the jurisdiction of the court in a point not cured by the statute, and, if properly raised before it has been waived, fatal to the proceedings, we do not see how, under the statute, it is matter of defence or objection to the tax to be set up by answer. The proper way to make

it available is by objection, or motion to dismiss the proceedings, before answering.

If, however, the answer alleges matters which entitle the party answering to relief, in whole or in part, against the tax, it is not obnoxious to a demurrer.

The gist of the other defence in the answer is that, by reason of the omission of the board of county commissioners to remit, pursuant to Laws 1875, ch. 10, the tax appearing on the list and claimed in the proceedings is more than it ought to be. If the act referred to applies to the case, and its requirements of the county commissioners are imperative, the defence is a good one *pro tanto*. The act contemplates those cases where the county commissioners had, instead of determining a gross sum to be raised for county purposes, fixed upon a percentage, and where, the valuation having been raised by the state board, the percentage on the valuation as increased would raise a larger amount, and impose a heavier tax, than was intended when the percentage was fixed; and the act, therefore, provides that " the board of county commissioners in said counties are hereby empowered and instructed respectively to remit all taxes except the state tax, so as to make the amount of tax to be collected correspond with the valuation of said property at the time the percentage of taxation was fixed, and upon which such percentage was established." The intention of this was that the commissioners should remit, so as to retain as a tax only so much as the tax would have been had the state board not raised the valuation. By not merely empowering, but instructing, the board to remit that part of the tax, the act made it the duty of the commissioners to remit it, which duty, if performed, would have materially diminished the taxes on this land; and while it is the theory of the act of 1874 that no omission shall render the tax absolutely void, it at the same time intends that the omission shall not be permitted to prejudice the tax payer.

The answer presents a defence to part of the tax appearing on the list, and the demurrer was rightly overruled.

Order sustained, and the case will be certified to the court below for further proceedings.