## BOARD OF COUNTY COMMISSIONERS OF STEARNS COUNTY *vs.* ANDREW J. SMITH.

### June 29, 1878.

**Taxes—Jurisdiction of Court—Notice to Owner.**—In proceedings under the general tax law, (Laws 1874, *c.* 1, and amendments,) the jurisdiction of the district courts depends upon the publication of a notice, substantially in the form prescribed in section 111 of said chapter, as amended. By this form, the answer setting up objections or defences to taxes, is required to be filed within twenty days after the last publication of the notice. In the case at bar, a notice requiring such objections or defences to be filed within ten days after such publication, *held,* insufficient to give the district court jurisdiction.

**Same—Objection, how to be taken.**—The defendant appeared in the district court, specially, and for the purpose, only, of interposing an objection to the jurisdiction of the court, on account of the insufficiency of the notice in the respect above indicated. The objection was specified in writing, signed by defendant, and was presented upon a motion to dismiss the proceedings. *Held,* that this was a proper way to take the objection.

**Same—Objection not waived by Defence to Merits.**—After stating his objection to the jurisdiction, the defendant, in the same document, proceeded as follows, viz.: "If such objection to the jurisdiction be overruled, the undersigned, further, as a separate defence in said matter, objects," etc., setting up a defence upon the merits. *Held,* that this was not a full appearance, or a waiver of the objection to jurisdiction.

Case certified from the district court for Stearns county, *McKelvy,* J., presiding.

*L. W. Collins,* for plaintiff.

*F. E. Searle,* for defendant.

BERRY, J.   This is a land tax case, certified to this court under Laws 1874, *c.* 1, § 120.   Section 110 requires the county auditor to file in the office of the clerk of the district court, a list of the delinquent taxes upon real estate, within his county.   Section 111, as amended by Laws 1875, *c.* 5, § 25, requires the clerk, within twenty days thereafter, to "deliver to the county auditor a copy of the list so filed, and attach thereto a notice, which may be substantially in the following form."   Among other things, the form contains a direction, in the name of the state, to all persons interested in the la ids listed, and a statement that the list, a copy of which is attached, has been filed with the proper clerk, and then proceeds as follows, viz. : "Therefore, you and each of you are hereby required to file in the office of said clerk, within twenty days after the last publication of this notice, your answer in writing, setting forth any objection or defence you may have to the taxes, or any part thereof, upon any piece or parcel of land described in said list, in, to or on which you have or claim any estate, right, title, interest, claim or lien; and in default thereof, judgment will be entered," etc.   Section 112 of chapter 1, Laws 1874, as amended by Laws 1875, *c.* 5, § 26, requires the county auditor to cause said notice and list to be published for three weeks in a newspaper.   Section 113 provides that "when the last publication shall have been made, the notice shall be deemed to have been served, and the court to have acquired full and complete jurisdiction to enforce against each piece or parcel of land in said published list described, the taxes upon it then delinquent, so as to bind every. estate, right, title, interest, claim or lien, in law or equity, in, to or on such piece or parcel of land, of every person, company or corporation; and such jurisdiction shall not be in any way affected by any error in making the list filed with the clerk, nor by any error, irregularity or omission in the assessment or levy of the taxes, or in any other proceed-

ings prior to filing the said list; nor shall the jurisdiction be affected, except as to the piece or parcel as to which such error may occur, by any mistake in copying the list for publishing, nor any mistake in publishing such list, nor by any mistake in the amount of tax in such published list appearing against any piece or parcel of land therein described." We have quoted this section at length, for the purpose of showing that the jurisdiction of the district court depends upon the publication of a notice substantially in the form prescribed by Laws 1875, *c.* 5, § 25, and amendments. This is apparent from the express provision found in the first sentence of section 113, which gives jurisdiction upon the publication of such notice. It is also apparent from the enumeration (in the last sentence of the section) of the errors which will not affect such jurisdiction, the want of such publication not being enumerated as one of them.

In the case at bar, the notice published required the answer setting forth objection or defence to the taxes to be filed within ten days after the last publication of the notice, instead of within twenty days, as provided in the form prescribed by the statute. This mistake (as we presume it to have been) probably arose from an error in the text of Laws 1875, *c.* 5, § 25, as found in the officially-published volume of the session laws of that year. The error consists in the use of the word "ten" in place of "twenty," as it appears in the enrolled act on file in the office of the secretary of state. Argument cannot be required to show, that that is a substantial part of the prescribed form of notice, which is intended to inform persons interested of the time within which the statute requires them to interpose objections and defences to taxes, or suffer judgment by default. It is difficult to conceive of any part which is more substantial or important. It follows, that the notice in the case was not "substantially" in the form prescribed by statute, and that, therefore, the district court failed to get jurisdiction to enforce, against the defendant's land to which

the present proceeding relates, the taxes delinquent upon it, so as to bind his interest therein.

The defendant appeared in the district court, specially, and for the purpose, only, of interposing an objection to the jurisdiction of the district court, on account of the insufficiency of the notice in the respect above indicated. This objection was specified in writing, signed by the defendant, and was presented upon a motion to dismiss the proceedings. This was a proper way to take the objection. After stating his objection to the jurisdiction, the defendant proceeded, in the same document, as follows, viz.: "If such objection to the jurisdiction be overruled, the undersigned further, as a separate defence in said matter, objects," etc., setting up a defence upon the merits. This is interposed as an answer, only upon the condition that the objection to the jurisdiction is overruled. The powers of the court are not called into action for any purpose, except to decide upon its jurisdiction, (until the objection to jurisdiction is disposed of,) so as to make the filing of the answer to the merits a full appearance, within the doctrine of *Curtis* v. *Jackson*, 23 Minn. 268, or a waiver of the objection to the jurisdiction, within the rule of *Com'rs of Houston Co.* v. *Jessup*, 22 Minn. 552. Under the provisions of the statute (section 117, *et seq.*) which provide for trials, in cases of this kind, only after answers filed, it is difficult to see how a party can avail himself of an objection to the jurisdiction, except in some such way as was followed in this case. We think, however, that as a matter of practice, it would be more workmanlike to separate the objections to jurisdiction from the answer to the merits, by putting each in a document by itself, though the putting of them in one document, as in this case, is not a fatal defect.

The judgment is reversed, and the district court directed to dismiss the proceedings.