STATE OF MINNESOTA, *ex rel.* Archie O. Powell and others, *vs.*
DISTRICT COURT OF RAMSEY COUNTY.

November 27, 1891.

City of St. Paul—Several Local Improvements in one Proceeding.—
    Under section 5, *c.* 7, Charter of St. Paul, as amended by Sp. Laws 1887,
    *c.* 7, two or more local improvements may be done under one order, and
    included in one contract, though both or all the improvements do not
    benefit the same property, and though the contract be at a gross price
    for all the improvements.

Same—Objections to Assessment.—Where an objection to an assessment
    for a local improvement is that it was made under a mistake of fact, and

it is not charged that there was any fraud or application of an illegal principle of assessment, the objector, to prevail, must show a mistake of fact.

*Certiorari*, to review the judgment and proceedings of the district court for Ramsey county in confirming the assessment for the local improvement considered in the opinion.

*Howard L. Smith*, for relators.

*Dan. W. Lawler* and *Hermon W. Phillips*, for respondent.

GILFILLAN, C. J. This was an application by the city treasurer of the city of St. Paul to the district court for judgment upon an assessment for local improvements. There were two improvements, done at the same time, under one order, and included in one contract, at the gross price for both of $1,977, to wit, the grading of a portion of that part of Olive street lying between blocks 4 and 5 in De Bow, Smith, Risque, and Williams' addition to St. Paul, and the constructing a sewer along Olive street between said blocks. Only the lots on Olive street were assessed for the sewer. Those on Olive street between those two blocks, some lots on Pennsylvania avenue, which crosses the head of Olive street nearly at right angles to it, and some on Pine street, which is a block distant from and nearly parallel to Olive, were assessed for the grading, all at the uniform rate of 64 cents per front foot.

The first objection made to the assessment is based on the fact that in one proceeding and contract two improvements, one of which does not benefit the property of the objectors, were included. The propositions are made, in support of this objection, that the amount assessed cannot legally exceed the cost of doing the work plus the cost of making the assessment, and that the cost of doing the work must in all cases be determined by the contract price. It is undoubtedly true, and according to the spirit of the charter, that the amount to be assessed is to be arrived at by adding the cost of the work and the cost of making the assessment; and if it be true that the cost of doing the work can be ascertained only by the contract price, then two improvements, either of which does not benefit all the property to be assessed for the other, cannot be included in the same contract at a gross price for both, for in such case the gross price would not

determine the cost of doing the work of either improvement by itself. In this case the gross price for doing the grading and constructing the sewer does not show the cost of either the grading or the sewer by itself. In the case of a single improvement, the price would determine absolutely the cost of doing the work. We do not find anything in the charter expressly providing that the cost of doing the work must in all cases be determined by a contract price. There are provisions in it that would, by such a requirement, be rendered almost nugatory, or would, at any rate, be restricted beyond what we can suppose the legislature intended. Section 5, *c.* 7, of the charter, (Sp. Laws 1874, *c.* 1,) as amended by chapter 7, Sp. Laws 1887, (p. 334,) provides that "two or more improvements upon one or more streets, either grading, sewering, or paving, or either or any of them, may be done at the same time, under one order, and may be included in one contract." It is apparent that this is a beneficial provision, and that proceeding under it may result in a substantial saving to the owners of property to be affected. The instance may be supposed of two streets near each other, one of which requires to be cut down to grade, and the other to be filled up to grade. It needs no argument to show that the work of grading both streets may be done more economically by one contractor, under one contract, than by different contractors. When the power vested by that clause in the charter shall be exercised must rest, as must many other things connected with local improvements, in the discretion and judgment of the council and board of public works. The only provision of the charter which seems to point to a mode for ascertaining the amount to be assessed is in section 23, same chapter, (Sp. Laws 1887, p. 343,) as follows: "After the whole of said work shall be placed under contract, as hereafter provided, the said board shall thereupon proceed without delay to assess the amount, *as nearly as they can ascertain the same,* which will be required to defray the cost of such improvement, including the necessary expense of making such assessment." Had it been intended that the cost of improvement should be fixed only by a contract price, such intention would have been here expressed in words, and the board would have been required to assess the amount of such price, and the cost of making the assessment. It is the duty

of the board, where there is a contract price for the particular improvement, to adopt it as the cost. They would have to proceed differently where the same contract and same contract price includes two or more improvements. And the legislature must be taken to have had such a case in mind when providing that the board shall "assess the amount, as nearly as they can ascertain the same." There can be no doubt of the power of the legislature to authorize the board to ascertain, for the purpose of the assessment, the cost of doing the work in any other way than by a previously fixed price.

The second objection made on the argument is that a case of mistake, fraud, or prejudice in making the assessment is shown. The parties defending against the assessments are the owners of lots on Pennsylvania avenue and on Pine street, such lots being assessed only for the grading; and they say that assessing the lots fronting on those two streets at the same rate per front foot as the lots fronting on Olive street, the street graded, must have been the result of mistake of fact, or of such fraud or prejudice as should avoid the assessment. In *State* v. *Board of Public Works*, 27 Minn. 442, (8 N. W. Rep. 161,) it was held that the decision of the board of public works as to what property is benefited, and to what extent, by a local improvement, is conclusive and cannot be reviewed, unless shown to be fraudulent in fact, or unless it is made up upon a demonstrable mistake of fact. In *State* v. *District Court of Ramsey County*, 33 Minn. 164, (22 N. W. Rep. 295,) it was suggested that, if the board acted upon an illegal principle of assessment, it would vitiate the assessment. And this must be so. Should the board act on the assumption that they might assess all lots benefited at a uniform rate, without regard to the differences in benefits conferred, it would be acting on an illegal principle of assessment; and although there might be no mistake of fact, and the board acted in good faith, yet the assessment could hardly stand. It might not be the result of a fraud in fact, but it would operate as a fraud. Should the board assess lots shown beyond question not to be benefited, so that the matter could not be one of judgment or difference of opinion, the inevitable inference would be that they had acted either under a mistake of fact, or from fraud, or upon an illegal principle of assessment; and,

if the objections filed in the court were broad enough to cover all those reasons for holding the assessment invalid, it might be enough for the court to find that one or other of those conditions existed, although it might not be able to determine which. The court in the case in 27 Minn., puts the case of five blocks alike, except in location, fronting on the grading to be done, and an assessment of four of the blocks, leaving the middle block unassessed, and says that, if it were not a case of fraud, it would be an instance of demonstrable mistake of fact, and that the failure to assess the middle block could not be accounted for on any other basis.

In addition to the objection first herein considered, the written objections filed in the court below contain only the objection that the property of the objectors is in no way benefited by the improvement, "and that said assessment was made by said board of public works under a mistake of fact." The respondent thereupon insists that this limits the objection to a mistake of fact, and that under it the property owners must show so that the court may find that there was a mistake of fact, and as to what fact the board made the mistake. The charter (section 39, c. 7, Sp. Laws 1887, p. 349,) provides that the owner objecting to the assessment "shall file in said court his objections in writing to the recovery of judgment against such property, and shall serve a copy thereof upon the corporation attorney, at least five days prior to the time designated in the city treasurer's notice." It then limits the objections that may be so made, to any of the proceedings prior to the confirmation of the assessment. This, however, must be read in connection with section 54, (p. 354,) which clearly indicates that other matters than such as are mentioned in section 39 may be the subject of inquiry by the court, and consequently may be specified in the written objections. In section 39, following what we have quoted, is the clause, "the court shall hear and determine all objections in a summary manner, without pleadings." The written objections must show what is to be tried. While it is evident that the objections are not to be judged by the rules applicable to pleadings in civil actions, it is equally clear they must state on what ground the assessment is claimed to be invalid. There is no middle course between holding that and

holding that the owner may in his filed objections state only, in effect, "I object to the recovery of judgment," or state only that the assessment is invalid, without stating for what reason or on what ground. It follows that the inquiry is to be limited to the particular ground of objection specified. It is apparent that there might be, as we have already suggested, a case such that the court might find the assessment to have been the result of mistake of fact, or fraud, or the application of an illegal principle of assessment, (as where it could be accounted for in no other way,) without being able to find which of those conditions brought about the result. And we think the objection may be stated in that way; that is, it may be charged that the thing complained of—the excessive assessment, or the assessment when the property ought not to have been assessed at all—was the result of mistake of fact, fraud, or of acting on an illegal principle, without specifying which. If the owner choose, however, to specify which caused the excessive or wrongful assessment, as that it was mistake of fact, or that it was fraud, he limits the inquiry to that specification. In this case the inquiry must be confined to the charge that the assessment claimed to be wrongful was made under a mistake of fact. Now, while, from the situation of the lots assessed for the grading, and from the evidence, it is difficult for us to see why the lots on Pennsylvania avenue and Pine street were assessed at the same rate as those on Olive street, on which the grading was done, yet we cannot say that any mistake of fact was shown.

Judgment affirmed.