STATE OF MINNESOTA *ex rel.* WILLIAM· THOMPSON *vs.* DISTRICT COURT
OF RAMSEY COUNTY.

Argued Nov. 3, 1892. Decided Nov. 29, 1892.

**A General Appearance in an Action Confers Jurisdiction.**

> Where a party claiming to be the owner of real property appears gen-
> erally, and contests on the merits an application for judgment against
> the same for a special assessment, he confers jurisdiction, so far as his
> interest in the property is concerned, and it matters not whether notice
> of the application has been given, or proof of the giving, or publication
> of the same, made.

**Certain Rulings on the Trial Disposed of.**

> Certain rulings of the trial court, upon the hearing of such applica-
> tion, considered and disposed of.

Writ of *certiorari* issued to the District Court of Ramsey County,
*Brill*, J., upon the relation of William Thompson, made October 13,
1891.

In 1886, the Common Council of the City of St. Paul ordered the
opening, widening and extending of Dakota avenue to a width of
sixty-six feet from Channel street to Groffe avenue in West St. Paul,
and the Board of Public Works made and confirmed an assessment
therefor. The relator owned lots two, (2,) three, (3,) four, (4,) five,
(5,) and six, (6,) in block thirty-four, (34,) in West St. Paul, lying
on the easterly side of the avenue. Only three of these lots were
assessed, viz. lots four, (4,) five, (5,) and six, (6.) Across the av-
enue, opposite to relator's lots, were lots one (1) and two, (2,) in
block thirty-three, (33,) owned by H. J. Peters. The damages and
benefits to Peters' two lots were considered by the Board to be equal,
and no assessment was made upon them or damages allowed.

On April 25, 1891, the Board gave notice that a meeting would
be held May 14, 1891, for the purpose of reassessing the benefits,
damages, costs and expenses to Peters' two lots and to relator's lots.
two (2) and three (3.) On this rehearing the Board awarded to the
Peters lots $700 damages and assessed on relator's lots two (2) and
three (3) $721 benefits. This was confirmed and a warrant issued
to the City Treasurer to collect the last-mentioned sum. He ap-

plied to the District Court of Ramsey County for judgment against the relator's lots two (2) and three (3) for the amount. The relator appeared and filed objections, and on November 25, 1891, a trial was had on the merits and judgment was entered against the relator's two lots for $758.40, the amount with interest and costs. A case was made, settled and filed, and on the relation of Thompson this writ issued and the return to this court contained a copy of the case and of the entire proceedings.

*F. G. B. Woodruff* and *A. R. Capehart,* for relator.

This being a proceeding to enforce the payment of a tax or assessment, every requirement of the statute must be strictly complied with; and the record must show that the court had jurisdiction over the subject-matter. Sp. Laws 1887, ch. 7, § 36, provides that the city treasurer shall give notice of his intended application for judgment by two publications in the official paper of said city, and the next section (37) requires him to procure a copy of the notice, together with an affidavit of the due publication thereof, and file it with the clerk of court. The affidavit of publication filed in this proceeding shows that the notice required was published in the St. Paul Daily Globe for two days, but does not show that this was the official paper of the city. *Godfrey* v. *Valentine,* 39 Minn. 336.

The reassessment was illegal and unnecessary and the relator upon the hearing offered to prove those facts. Sp. Laws 1887, ch. 7, §§ 15, 31, 60, 61, 66. He offered to show by affirmative proof that the reassessment in question came within none of the provisions of the statute, and that the requirements of the statute had not been complied with. The offer was objected to and the evidence excluded.

Relator offered to prove that the property proposed to be condemned and paid for by the assessment against the property of relator was at the time of making said reassessment a public highway, and had been such for twenty-eight years, and belonged to the City of St. Paul. That there was no necessity whatever for condemning it, or assessing the property of relator, or anybody else to pay for it, and that the reassessment was for that reason a nullity. Respondent

objected to this offer upon the ground that no such issue was raised by the objections, and the testimony was excluded by the court. The objections filed in the trial court state that there was no property condemned, and that there was no valid assessment. This was a general denial, and according to the technical rules of pleading, the relator should be permitted to show anything which tends to controvert directly the correctness of the assessment. *Bond* v. *Corbett,* 2 Minn. 248, (Gil. 209;) *Caldwell* v. *Bruggerman,* 4 Minn. 270, (Gil. 190;) *Scone* v. *Amos,* 38 Minn. 79; *Beard* v. *First Nat. Bank,* 41 Minn. 153.

The relator in his objections stated the grounds of the invalidity of the assessment and *State ex rel. Powell* v. *District Court,* 47 Minn. 406, does not apply here.

*D. W. Lawler* and *H. W. Phillips,* for respondent.

On the trial below, objection was made to the reception of the testimony offered by relator because his objections on file did not specify any facts showing the assessment to be invalid. The objections should have been couched in such language as to inform the city what was to be tried, so that the city could be prepared to meet the issue. The objections to the testimony were properly sustained. *State ex rel. Powell* v. *District Court,* 47 Minn. 406.

COLLINS, J. This was a proceeding in *certiorari* for the purpose of reviewing a judgment rendered against certain real property, owned by relator, in proceedings to enforce the collection of a special assessment for opening, widening, and extending an avenue in the city of St. Paul. In accordance with the provisions of Sp. Laws 1887, ch. 7, subch. 7, § 36, the city treasurer had made report to the district court of all assessment warrants, which had been delivered to him, for the collection of this and other assessments, and had asked for judgment against the several lots or parcels of land described in such warrants. He had also given ten days' notice by two publications in the St. Paul Globe, a newspaper published daily in said city, of his intended application for judgment, and in form this notice or advertisement complied with the law. A copy of the

same, with an affidavit of publication, was filed with the treasurer's report, as required by section 37 of said subchapter 7. Thompson, the relator, under section 39, filed written objections to the recovery of judgment against his property, and served in due time a copy of these objections upon the corporation attorney. He also appeared and took part in the proceedings in court upon the hearing of the application for judgment, contesting and opposing the same upon his written objections solely. The same were overruled, and judgment ordered and entered as applied for.

1. The relator now attempts to avail himself of the fact that it was not shown by the affidavit of publication before mentioned that the Globe was the official paper of the city. His claim is that, because of this fact, the court had no jurisdiction to proceed against his property and could not properly render judgment against it. But he appeared generally for the purpose of contesting the application on the merits of his defense in a proceeding wherein the court had jurisdiction of the subject-matter, and thus waived all defects in the notice, or in the proof of its publication, if there were such defects. Although the proceeding was *in rem*, his appearance without objection conferred jurisdiction, so far as his interest in the property was concerned. *People* v. *Sherman*, 83 Ill. 165; *People* v. *Dragstran*, 100 Ill. 286; *State* v. *Jersey City*, 26 N. J. Law, 444. And see *Commissioners of Houston Co.* v. *Jessup*, 22 Minn. 552; *Commissioners of Stearns Co.* v. *Smith*, 25 Minn. 131. There is nothing in *Godfrey* v. *Valentine*, 39 Minn. 336, (40 N. W. Rep. 163,) which militates against this view.

2. The written objections filed by the relator were not very clear or specific, but it is not necessary for us to pass generally upon their sufficiency. The report of the city treasurer, and the assessment warrant held by him, which were received in evidence, are made (section 54) *prima facie* evidence that all proceedings up to the date of the warrants are valid and regular. The offer then made by the relator to prove that the lots in question had been assessed in the year 1883, for the opening and extension of this same avenue through lot four, in said block thirty-four, was clearly immaterial, even if it had been admissible under the objections.

The relator then offered to prove that one Peters, "for whom this assessment was made to pay alleged damages sustained by him for the opening, widening, and extension" of the avenue, owned no property along the same; that none of his property was ever condemned for such purpose; that he never owned a certain part of either of two lots in another block for the taking of which damages had been awarded in these proceedings; that the tracts of land against which the judgment in this proceeding was demanded were, and for twenty-eight years last past had been, the property of the relator, and "that there are no damages, nor condemned nor appropriated land, to be paid for; that said reassessment is altogether illegal and unnecessary; and that all of the land taken for the opening, widening, and extension of Dakota avenue, or condemned therefor, was paid for long prior to this reassessment." The court sustained an objection to this offer, remarking that a part of it, at least, was improper. We need not stop to consider whether any part of the offer was admissible under the objections, for clearly it was too broad. It was wholly immaterial to show that Peters, who had been treated in the proceedings as the owner of lots in an adjacent block, considered to have been damaged by the proposed improvement, was not, and never had been, the owner of any property along the line of the avenue, or the owner of those portions of the lots mentioned, particularly described in the objections. The proceedings were against the property, not against its owner, although he may ultimately receive the amount awarded as damages, or, on the other hand, may have to pay for benefits.

3. Finally, counsel for relator offered to show that the property proposed to be paid for belonged to the city, "and not to H. J. Peters or anybody else," and was a public highway. This was objected to because no such point had been made by the relator in his written objections, and the court refused to allow any inquiry on the subject. Relator's counsel now insist that the proposed evidence was admissible, under that part of the objections wherein it is stated "that there are now no damages, nor condemned nor appropriated land, to be paid for, and that said proposed reassessment is altogether illegal and unnecessary." These objections are not to be judged by the rules

applicable to pleadings in civil actions, but they must state on what ground the assessment is claimed to be invalid, and the inquiry is to be limited to the particular ground specified. *State* v. *District Court*, 47 Minn. 406, (50 N. W. Rep. 476.) It is difficult to see how that paragraph of the objections just quoted would suggest to the counsel for the city that the assessment would be contested on the ground that the property considered damaged, and on which damages had been awarded, belonged to the city, or was a public highway. If this was the fact, and the real point attempted to be made by the objections, the counsel who drew the same exhibited great skill in concealing it.,  .

Writ quashed.

(Opinion published 53 N. W. Rep. 714.)