## STATE v. AMAND BURY.[1]

### June 28, 1907.

### Nos. 15,237—(21).

**Petition for Sidewalk—Jurisdiction.**

To confer jurisdiction on the common council, when proceedings for the construction of a sidewalk are initiated by petition, chapter 167, p. 215, Laws 1901, provides that the petition must be duly signed by a majority of the owners of the property fronting on the street where the proposed improvement is to be made. In this case the petition was defective, in that it was not signed by the required majority.

In the matter of proceedings to enforce the payment of taxes on real estate remaining delinquent on the first Monday in January, 1905, defendant appealed from an order of the district court for Carver county, Morrison, J., denying a motion for a new trial, after findings and order for judgment in favor of plaintiff. Reversed.

*W. C. Odell,* for appellant.

*Thos. F. Craven,* County Attorney, for the State.

LEWIS, J.

Proceedings under provisions of chapter 167, p. 215, Laws 1901, to enforce an assessment for the construction of a sidewalk in front of appellant's property in the village of New Germany, Carver county. Section 1 of the act provides that, whenever the village council shall deem it necessary and expedient to construct a sidewalk, etc., they may act upon their own motion, or, if a majority of the owners of the property fronting on the street where it is proposed to construct or rebuild such walk, etc., shall so petition, the council is required to proceed by adopting a resolution to that effect, specifying the place, kind and quality of materials, etc.

In this case proceedings were commenced by a petition addressed to the village council, which purported to be signed by a majority of the owners of one-half of the frontage on the side of the street where the sidewalk was proposed to be built. The resolution of the council au-

thorizing the improvement referred to the petition as the basis of its action, and thus it appears that the common council did not originate the proceedings upon its own motion. The petition was defective, not having been signed by a majority of the property owners fronting on the street of the proposed improvement. A petition executed in accordance with the statute is necessary to confer jurisdiction on the common council in such cases, and, if the law is not complied with, all subsequent proceedings are invalid. Hawkins v. Horton, 91 Minn. 285, 97 N. W. 1053

There is no evidence that this jurisdictional defect was waived, or cured, by the conduct of appellant, and, the assessment being invalid for the reason stated, it is unnecessary to consider the other questions raised.

Order reversed.