STATE ex rel. G. W. GRIGGS and Another v. DISTRICT COURT OF DAKOTA COUNTY and Another.[1]

January 27, 1911.

Nos. 16,811—(43).

**City of South St. Paul — assessment for local improvement.**

By its charter the city of South St. Paul is authorized to levy assessments for local improvements, including curb and sidewalk, and the initial step required to bring a particular improvement within the scope of that authority is a resolution of the city council, duly passed, ordering the same to be made. The subsequent proceedings in awarding a contract for the carrying on of the improvement do not involve the authority to order the improvement, within the meaning of the charter provision that in the action for judgment on the assessment "no objections shall be interposed or sustained in relation to any proceedings prior to the confirmation of the assessment, except that the council had no authority to order the said improvement."

**Same — irregularity in award of contract.**

Upon the application for judgment in the district court on the assessment levied by the city council for an authorized improvement, irregularity in awarding the contract for putting in the improvement, not shown to

[1] Reported in 129 N. W. 585.

have resulted in injury to the property owner, is not ground for the setting aside of the assessment levied therefor by the city council.

Writ of certiorari to review a proceeding in the district court for Dakota county, wherein the city of South St. Paul made application for judgment for assessments levied against certain lots of the relators described in the proceedings. The application was heard by Crosby, J., who ordered judgment against the lots. Affirmed.

*Walter L. Chapin,* for relators.

*H. J. Goodwin* and *W. R. Duxbury,* for respondents.

SIMPSON, J.

Against relators' objections, judgment was entered in the district court against certain lots owned by relators for an assessment levied thereon by the city of South St. Paul to defray the cost of sidewalk and curb. The proceedings in the district court are certified to this court for review of such judgment.

The city of South St. Paul, by its charter, is authorized to levy assessments for local improvements, including sidewalks and curbs, and the initial step required to bring within the scope of this authority any particular improvement is the adoption of a resolution by the city council ordering the same to be made, which resolution, if it includes the construction of curb, must be preceded by a written application therefor to the city council and a determination by that body, upon consideration of the application, that the improvement is proper and necessary, and that real estate may be found that will be benefited to the extent of the damages. The objections to the present assessment are not based on any failure to take this initial step. A written application was made, and a resolution ordering the work passed by the council. This resolution included curb in the work ordered only by reference to the written application; but it was considered and treated by the city officials as including curb, and its sufficiency in that respect is not assailed. State v. District Court of Ramsey County, 51 Minn. 401, 53 N. W. 714; State v. District Court of Ramsey County, 47 Minn. 406, 50 N. W. 476.

The subsequent proceedings of the city council in doing this work

under contract did not comply with the provisions of the charter. Under the charter a different provision is made for constructing sidewalks than that for constructing curb in respect to the manner of contracting for doing the work. As to sidewalks—at the beginning of the season a general contract is entered into for laying all sidewalk that may be ordered during the season. As to curb—the charter provides for a contract being let, after the improvement is ordered, for making of that improvement. In the present case, at the beginning of the season of 1907 a contract was attempted to be made for constructing cement sidewalks and curb such "as may be, from time to time, ordered and directed by the city council of South St. Paul during the year 1907." This contract was awarded and its execution authorized by a committee of the council. The council recognized its existence by approving the contractor's bond and by levying an assessment for work done under it. The contract was therefore defective, both as to the manner in which it was awarded and as to the unauthorized inclusion in the contract of curb to be thereafter ordered. In pursuance of the terms of this contract, made in March, 1907, the curb and sidewalk in front of relators' property, ordered August 5, 1907, were constructed.

Thereafter, upon notice duly given, the council levied an assessment to defray the combined cost of such curb and sidewalk, and thereupon the council caused notice to be given, in accordance with the charter provisions, of the completion of said assessment and of a meeting of the council to hear objections thereto, and that objections must be filed in writing at least one day prior to the meeting, and that, unless sufficient cause is shown to the contrary, the assessment would be confirmed. It is not made to appear that any written objections were filed to the assessment. At the specified meeting, the assessment was confirmed by the council.

The assessment was thereafter duly brought before the district court for judgment. The charter under consideration provides that upon the hearing in the district court, upon application for judgment, "no objections shall be interposed or sustained in relation to any proceedings prior to the confirmation of the assessment, except that the council had no authority to order the said improvement, and

no objection to any other of the proceedings shall be sustained on any mere formal irregularity or defect."

. The city clearly had authority to make the improvement here involved. The city charter confers general authority to make improvements of this class, and the charter provision was made applicable to this particular improvement by the resolution of the council ordering the improvement made, passed after the steps prescribed by the charter as requisite to its due passage had all been taken. It is the absence of the initial step prescribed for bringing a particular improvement within the charter grant of power that renders work done unauthorized. This is the extent of the rule laid down in State v. Bury, 101 Minn. 424, 112 N. W. 534, and Hawkins v. Horton, 91 Minn. 285, 97 N. W. 1053.

Under this charter an assessment for curb may be levied before the work is done or a contract awarded. Compliance with the charter provision as to contracting for the work is not made a prerequisite to levying a valid assessment for curb. The provisions of the charter prescribing a method for letting contracts and doing work do not go to the jurisdiction of the council over the making of the improvement and levying an assessment therefor, and hence it is competent for the same legislative authority that prescribes the method to be pursued in carrying on the work to limit the effect of a departure from that method, to the extent at least that such irregularity should be disregarded, unless it affects the property owner injuriously. To so limit the effect of irregularities such as are here involved is the manifest purpose of the provision of the charter above quoted. State v. District Court of Ramsey County, 33 Minn. 164, 22 N. W. 295; McKusick v. City of Stillwater, 44 Minn. 372, 46 N. W. 769; Dousman v. City of St. Paul, 23 Minn. 394.

From the record before us it appears that, at the time the contract complained of was awarded for constructing cement sidewalks and curb, another bid was submitted to the council for doing the same work, and in such other bid the price for laying cement walk was lower. The claim is made on behalf of the relators that it appears from these bids that the cost of the improvement placed in front of their lots was increased by the work being done under the irregular

contract complained of. While this appears to be the case as to side-walk, on the face of the bids it would appear that the bid the council committee accepted was substantially lower for curb. No evidence was submitted showing that the combined cost of the curb and side-walk, under the bid accepted, was in excess of what the combined cost would have been under the other bid, or that it was greater than the reasonable cost of the improvement. It does not appear, there-fore, that upon a reassessment being made the amount properly as-sessable against relators' property would be less than the present as-sessment, or to what, if any, extent the relators have been injured by the irregularities complained of. The objections here made are of the class that the charter provides shall not be sustained by the court upon the application for judgment on the assessment.

Whether, in view of the requirement that notice of the meeting of the council for the confirmation of assessments is required to be given, and that objections to the confirmation are required to be filed in writing prior to such meeting, an objection can be first made in the district court that irregularities in proceedings not jurisdic-tional have increased the assessment upon property was not dis-cussed by counsel. Because it does not appear in this case that the irregularities complained of have increased the assessment, it is not necessary to determine whether such objection was open to relators; they having filed no objections to the confirmation of the assessment by the city council.

There appearing to be no error in the proceedings in the court be-low, the judgment is affirmed.

JAGGARD, J., took no part.