[No. 6,651.—In Bank.]

## J. S. DYER v. THOMAS S. MILLER.

STREET ASSESSMENT—GRADING—JURISDICTION—CONSTRUCTION OF STATUTE.—Under section 4 of the act of April 1st, 1872 (Statutes 1871–72, pp. 805, 806), all street works referred to in the act may be ordered by the Board of Supervisors without a petition, except grading, but as to grading a petition is always required, except in the case where the street has been graded, or graded and macadamized, or graded and paved, for the distance of two or more blocks upon each side thereof of any one or more blocks or crossings of a street which is not improved. The proviso "that when one half or more of the grading, etc., of any one street lying between two main street crossings has been already performed, the Board of Supervisors may order the remainder of such grading, etc., notwithstanding the objection of any or all of the property-owners," does not dispense with the necessity of a petition.

APPEAL from a judgment for the defendant in the Third District Court, City and County of San Francisco. THORNTON, J.

J. M. Wood, for Appellant.

P. B. Ladd and D. H. Whittemore, for Respondent.

THORNTON, J.:

This is an action to recover a street assessment for work done on Green Street, in the City of San Francisco, in which judgment passed for defendant, from which judgment plaintiff appealed.

But one question is presented on this appeal. The work intended to be done by the resolution of intention was the grading of Green Street between Leavenworth and Hyde streets, one half of which had been done before any proceeding was taken in the Board of Supervisors. Green Street had not been graded for a distance of two blocks on each side of the proposed work. No petition for this work was ever presented in the Board of Supervisors, and the question to be considered is, whether the Board had jurisdiction to order such work to be done without a petition therefor signed as required by law.

This question is to be determined by a construction of the fourth section of the act of 1872. (See Stats. 1871–72, pp. 805, 806.) The section referred to provides that the Board of Supervisors of the City and County of San Francisco may order any street work to be done mentioned in the preceding section of the act, after notice of their intention so to do, in the form of a resolution, etc., except that no such notice shall be given or order made *for the grading of any street*, etc., unless the majority of the frontage of the lots and land fronting on the work proposed and described in the said resolution, or which is to be made liable for such grading, shall have been represented by the owners thereof, or their agents, in a petition to the Board, stating that they are the owners, etc., and requesting such street work to be done; for every other kind of street work no petition is required, and the Board is authorized to give the notice prescribed in the fourth section, and to order the work to be done, without any petition.

The section (fourth) further provides that all owners of lands or lots, or portions of lots, who may feel aggrieved or have objection to the ordering of the work described in the notice of intention, or who may have objections to any of the subsequent proceedings of the Board in relation to the said work, etc., etc., shall file with the clerk of the Board a peti-

tion or remonstrance, wherein they shall set forth in what respect they feel aggrieved, or the acts or proceedings to which they object, which petition or remonstrance shall be passed upon by the Board, and their decisions thereon shall be final and conclusive; but the Board shall not order the work described in the notices to be done, unless all the objections and protests that may have been presented and filed as aforesaid shall have been by them disposed of. Should the owners or agents of more than one half in frontage of the lots and lands fronting on the work proposed to be done, and designated in said notice, or liable to be assessed for the work, file with the clerk of the Board written objections against *any grading described* in the notice, at any time before the expiration of the publication of the notice of intention, then the Board shall be barred from proceeding further for the period of six months, and the Board shall not renew the notice of intention for doing *any grading* so protested against within six months, unless the owners or agents of a majority of the frontage of the lots and lands fronting *on the said grading* or liable to be assessed therefor, shall petition anew for the work to be done.

It is further provided in the same section that at the expiration of the notice of intention the Board shall be deemed to have acquired jurisdiction to order any work to be done, etc., except as hereinbefore provided: " and it is further *provided,* that when any public street shall have been graded, or graded and macadamized, or graded and paved for the distance of two or more blocks upon each side thereof of any one or more blocks or crossing of a street which is not improved, it shall be the duty of the Board of Supervisors, upon the recommendation of the Superintendent of Public Streets, Highways, and Squares, to order the notice provided in this section to be given *without the petition provided first aforesaid;* and if the owners of three fourths of the frontage of the land and lots fronting on such portions of such streets to be graded and improved shall, within the time prescribed in said notice, file written objections to the improvement of the said street, the Board of Supervisors shall duly consider said objections before ordering said work; and if said Board of Supervisors shall decide and declare by an

entry in the minutes of said Board of Supervisors that the objections so made are not good, thereupon the Board of Supervisors shall be deemed to have acquired jurisdiction to order any such street work to be done that is prescribed in said notice and in section 3 of this act."

It will be seen from the foregoing : 1. That all street work referred to in the act may be ordered by the Board of Supervisors without a petition, except grading. 2. That as to grading, a petition is always required, except, 3, in the case where a street has been graded, or graded and macadamized, or graded and paved for the distance of two or more blocks upon each side thereof of any one or more blocks or crossing of a street which is not improved.

It will also be observed, 1. That in all cases, objections may be made by parties aggrieved or who have objections to the ordering of the work, and these objections must be passed on. 2. That in *case of grading*, the timely presentment and filing of objections by a certain portion of the property-owners, stops all proceedings for six months. 3. That in the case mentioned *of grading where a petition is dispensed with*, objections may be filed by a certain portion of the property-owners (a larger portion is required in this case than in the other just above mentioned), which must be disposed of before the Board can proceed further, and if they are held good, proceedings are to be suspended.

It will be further noted that in one of the cases mentioned, a second petition is required, to authorize the Board to proceed within the required suspension of six months. It will thus be seen that in all cases of *grading* a petition is required, with one exception expressly *declared.* Is there any other exception ? It is contended that there is in the words which follow in the fourth section the words above quoted from that section. We here insert them : " Provided further, that when one half or more of the grading, planking, macadamizing, paving, sidewalking, or sewering of any one street lying between two main street crossings has been already performed, the Board of Supervisors may order the remainder of such grading, planking, macadamizing, paving, sidewalking, or sewering to be done, nowithstanding the objections of any or all of the property-owners."

There can not be found here any exception of a petition when grading is to be done. There is nothing to take it out of the general rule previously laid down in the section when the work to be done is grading. Objections are disallowed, and are declared to be of no force, in the case of grading stated in the words just above quoted, and this is the restriction upon the previous words of the enacting clauses of the section, which the Legislature intended to express and include under the *proviso.* The restriction is plainly limited to the objections which the property-owners are allowed to make by the previous clauses of the section, and the direction is plain that they are to be disregarded; but nothing is said as to dispensing with the petition, no exception of the previous requirement as to a petition in all cases of grading is made, and certainly this Court, possessing no legislative power, can not insert such exception.

This construction of the 4th section of the act of 1872 is so plainly required by its words, and is so clearly in accordance with familiar rules of law as to such construction, that it can not be considered necessary to cite authorities to sustain it. Many instances of the application of the rule have occurred in passing on statutes of limitations.

It is asked, why require a petition when the objections of any or all of the property-owners are commanded to be of no avail in arresting the work ? It is a sufficient answer to this to say that the Legislature has so declared. No doubt the Legislature so declared, because in their judgment it was necessary for the protection of the persons to be charged with an assessment, and they considered, in the case of *grading* mentioned in the proviso last quoted, that the persons to be charged were fully protected by the requirement of a petition simply. The Court below ruled correctly in holding that the Board had no jurisdiction.

Judgment affirmed.

McKINSTRY, J., SHARPSTEIN, J., MYRICK, J., and McKEE, J., concurred.