JOHN GENOIS vs. CITY OF ST. PAUL.

June 28, 1886.

**Municipal Corporations—St. Paul—Change of Street Grade—Remedy of Property-Owner.**—When the city council of St. Paul, in accordance with the provisions of the city charter, make an order changing the grade of a street, the only remedy of an aggrieved property holder is by appeal from the order in the manner prescribed by the charter. If a property holder is aggrieved at the assessment of his damages resulting from such change of grade, his only remedy is by appeal from the assessment. In either case his remedy is wholly derived from the statute. None exists at common law.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, sustaining a demurrer to the complaint.

*E. St. Julien Cox & Griffin*, for appellant.

*W. P. Murray*, for respondent.

MITCHELL, J.  Action to recover damages to plaintiff's property resulting from a change of grade of Robert street by the city. The complaint alleges that, "upon the pretext of improving the condition and grade of this street," the defendant, "in violation of the rights of plaintiff, and to his great damage, wrongfully, unjustly, vexatiously, oppressively, and injuriously changed, amended, and altered the theretofore existing grade, and has filled up said street, in front of plaintiff's dwelling-house, over and above the theretofore lawful and legally established grade, about four or five feet."

It will be observed that while numerous adjectives are used to express the idea that this change of grade is unnecessary and inexpedient, no facts are alleged to show that the action of the council was illegal, or that they have not proceeded in the manner prescribed by law. What plaintiff finds fault with is what may be termed the political action of the council in ordering any such change of grade at all.

Clearly, no such action as this will lie. Plaintiff has no right, at common law, to a review or reconsideration of the action of the city council in the exercise of its governmental powers in changing the grade of a street. The right is purely statutory. Therefore the rem-

edy must be that, and that alone, which the statute gives, which is by appeal from the order of the city council. Sp. Laws 1874, c. 1, subc. 7, § 16, p. 58, (Mun. Code St. Paul, c. 7, tit. 3.)

There is nothing in the point that this provision of the charter is unconstitutional because it does not give plaintiff a right of trial by jury. It being discretionary with the legislature whether he should have any right of appeal at all, they have full power to determine how and by whom it should be tried. For like reason, if plaintiff was aggrieved at the assessment of his damages caused by this change of grade, his only remedy was by appeal in the manner prescribed by the charter. His remedy for consequential injuries to his property resulting from the action of the city in changing the grade of a street, in the proper exercise of its governmental powers, is wholly derived from statute. None existed at common law. *Henderson* v. *City of Minneapolis*, 32 Minn. 319, (20 N. W. Rep. 322;) *Transportation Co.* v. *Chicago*, 99 U. S. 635.

Order affirmed.