ANNIE M. OVERMANN *vs.* CITY OF ST. PAUL.

July 9, 1888.

**Eminent Domain—Grading Streets in St. Paul—Notices held Jurisdictional.**—In an action for damages against the city of St. Paul, for alleged trespasses to land and buildings in grading and filling a street, it is necessary for the defendant, in order to justify under condemnation proceedings authorized by chapter 7, title 1, of the city charter, that the notices of the assessment of damages and the confirmation thereof, required by sections 8 and 15 of the same chapter, should be duly given as therein required, the same being jurisdictional.

**Same—Remedy for Injuries under Void Proceeding.**—When such proceedings are without jurisdiction, an injured party is not obliged to seek his remedy by appeal therein.

Appeal by defendant from an order of the district court for Ramsey county, *Simons,* J., presiding, refusing a new trial after verdict for plaintiff.

*W. P. Murray,* for appellant.

*S. L. Pierce,* for respondent.

VANDERBURGH, J.   This action is for damages occasioned by certain alleged trespasses committed upon the premises of the plaintiff by the defendant.   The latter attempts to justify under proceedings for grading and condemnation, stated in the answer.   The plaintiff's house is situated upon Columbia street, in the city of St. Paul, and stands near the margin of the same, and was directly injured by the grading and filling complained of.

The first assignment of error is that the court erred in excluding the evidence of the condemnation proceedings "in the matter of the condemnation for slopes for Columbia street."   But we think this evidence, which consisted of the records of such proceedings, was properly rejected, because it was altogether too defective and informal in its character to warrant its consideration by the court.   The first record offered and so rejected was the order of the city council referring the matter of the proposed improvement to the board of public works, in pursuance of section 5, chapter 7, of the charter, (Sp. Laws

1874, *c.* 1,) to investigate and report, with a statement in brackets, as follows: ["Here follow the usual questions."] But what such questions were, did not appear, nor what matters the board were specifically required to examine and consider. Two other "exhibits," also rejected, were affidavits of the publication of notices of the assessment for slopes in Columbia street, and confirmation of such assessment, but the notices were not shown, and in the place thereof, on the record, were inclosed in brackets the words "usual notice." As no other proof of these notices was offered, the court could not do otherwise than to reject the evidence as insufficient to establish the condemnation proceedings in question. The notices of the assessment, and for the hearing of objections and confirmation of the assessment, were required under chapter 7, §§ 8 and 15, of the charter, and were jurisdictional; and as there was no attempt to introduce any further evidence of the service of such notices, the justification on the part of the city under the condemnation proceedings failed. *Sewall* v. *City of St. Paul*, 20 Minn. 459, (511.)

The acts and proceedings of the defendant being without authority of law, the plaintiff was not obliged to seek her remedy in the same proceedings, by appeal or otherwise. The proceedings being illegal, the case of *Genois* v. *City of St. Paul*, 35 Minn. 330, (29 N. W. Rep. 129,) cited by defendant, has no application to the facts presented by the evidence in this action.

This disposes of the appellant's assignments of error, and the order denying a new trial is affirmed.