CITY OF DULUTH v. HENRY DIBBLEE.[1]

July 5, 1895.

Nos. 9534—(224).

**Local Assessment—Vacation of Judgment.**

*Held,* that there was no abuse of discretion on part of the trial court in denying appellant's motion to vacate the judgment, and for leave to interpose objections to the assessment for which the judgment was rendered.

**Same—Judgment against Property—Jurisdiction.**

Under the provisions of the charter of the city of Duluth, the failure of the board of public works to establish a street grade or a sewer system before constructing a sewer, or the failure to give the required notices of the meeting to make an assessment to defray the expenses of its construction, and of application for its confirmation by the district court, does not affect the jurisdiction of the district court to render final judgment against the property for the amount of the assessment. Fitzhugh v. Duluth City, 58 Minn. 427, 59 N. W. 1041, followed.

**Same—Due Process of Law.**

The provisions of the charter relating to the confirmation of the assessment and to the rendition of judgment against the property by the district court are not unconstitutional on the ground that they do not constitute "due process of law." No seizure of the property by the court is necessary other than is involved in the institution of the proceedings in accordance with the requirements of the statute.

Appeal by defendant from an order of the district court for St. Louis county, Lewis, J., denying his application to set aside the judgment and for leave to answer. Affirmed.

[1] Reported in 63 N. W. 1117.

*Billson, Congdon & Dickinson*, for appellant.

The confirmation of the assessment was void, because the notice of the application was never published in the manner required by statute, and such publication is essential to jurisdiction. Bonham v. Weymouth, 39 Minn. 92, 38 N. W. 805; Feller v. Clark, 36 Minn. 338, 31 N. W. 175; Kipp v. Fernhold, 37 Minn. 132, 33 N. W. 697; Knight v. Alexander, 38 Minn. 384, 37 N. W. 796; Olivier v. Gurney, 43 Minn. 69, 44 N. W. 887; Stearns Co. v. Smith, 25 Minn. 133; West v. St. Paul & N. P. Ry., 40 Minn. 189, 41 N. W. 1031; Morey v. Morey, 27 Minn. 265, 6 N. W. 783; Overmann v. City of St. Paul, 39 Minn. 120, 39 N. W. 66; Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163; Ullman v. Lion, 8 Minn. 338 (381). The case is distinguishable from such cases as Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341, where the publication was made, but the judgment prematurely entered.

So much of the charter as relates to the confirmation of assessments by the district court is void under the state and federal constitutions, because the method by which the court is authorized to acquire jurisdiction to make such order of confirmation does not constitute due process of law. Such proceedings, when by a court, are judicial proceedings, State v. Ensign, 55 Minn. 278, 56 N. W. 1006, and are in rem. McQuade v. Jaffray, 47 Minn. 326, 50 N. W. 233; Chauncey v. Wass, 35 Minn. 1, 25 N. W. 457, and 30 N. W. 826; State v. District Court of Ramsey Co., 51 Minn. 401, 53 N. W. 714. Each class of cases has its due process. Waples, Proceedings in Rem. § 23; Cooley, Constitutional Limitations, (6th Ed.) 434; Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315; Smith v. Hurd, 50 Minn. 503, 52 N. W. 922; Chauncey v. Wass, supra; Shepherd v. Ware, 46 Minn. 174, 48 N. W. 773; Stapp v. Steamboat Clyde, 43 Minn. 192, 45 N. W. 430; Kenney v. Goergen, 36 Minn. 190, 31 N. W. 210; Lovell v. Seeback, 45 Minn. 465, 48 N. W. 23. Seizure of the res is necessary to valid proceedings in rem. Waples, Proceedings in Rem, §§ 42, 43; Taylor v. Carryl, 20 How. 583. Some courts even hold that notice of seizure is necessary. Windsor v. McVeigh, 93 U. S. 274; Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. 590. The statute sometimes makes such notice a prerequisite to jurisdiction. Barber v. Morris, 37 Minn. 194, 33 N. W. 559. See Knight v. Alexander, supra. But a statute which makes seizure alone notice is constitu-

tional.   Stapp v. Steamboat Clyde, supra.   The filing of a delin-
quent tax list specifically describing each parcel of land is the seizure
of the property.   The publishing of such list is the serving of the
monition.   Chauncey v. Wass, supra.   The essential thing is the
description of the res.   McQuade v. Jaffray, supra.   An error in
the publication in the description of the land or in the amount of
tax constitutes failure to serve the monition or summons, and ren-
ders void any judgment based on it.   Bonham v. Weymouth, supra;
Knight v. Alexander, supra.   Cf. Chouteau v. Hunt, supra.   The
statute nowhere provides for seizure, or for any procedure operating
as constructive seizure, because it nowhere provides for anything
in the nature of process, issuing from the court, which describes the
property.   Brown v. Markham, 60 Minn. 233, 62 N. W. 123.   If the
confirmation proceedings are not conclusive, and therefore it is not
necessary to institute them by due process of law, they are not ju-
dicial proceedings, and therefore the act imposing them on the dis-
trict court is unconstitutional.   Gordon v. U. S., 117 U. S. 697; Re
Sanborn, 148 U. S. 222, 13 Sup. Ct. 577; Irwin v. Pierro, 44 Minn.
490, 47 N. W. 154; Home Ins. Co. v. Flint, 13 Minn. 228 (244); Matter
of Application of Senate, 10 Minn. 56 (78); Rice v. Austin, 19 Minn.
74 (103); State v. Simons, 32 Minn. 540, 21 N. W. 750.

The statute makes the prior confirmation of an assessment essen-
tial to the jurisdiction of the court to render judgment for such as-
sessment, and there having been no such confirmation the district
court had no jurisdiction to render judgment.   In any statutory
proceeding, jurisdiction depends on the existence of the particular
facts and conditions on which its exercise was made to depend by
the statutes which confer it.   Eastman v. Linn, 26 Minn. 215, 2 N.
W. 693; Hall v. County of Ramsey, 30 Minn. 68, 14 N. W. 263; Rus-
sell v. Gilson, 36 Minn. 366, 31 N. W. 692; Brown v. Corbin, 40 Minn.
508, 42 N. W. 481; Merriman v. Knight, 43 Minn. 493, 45 N. W.
1098; Barber v. Morris, supra; Cousins v. Alworth, 44 Minn. 505,
47 N. W. 169; Brown v. St. Paul & N. P. Ry. Co., 38 Minn. 506, 38
N. W. 698; Feikert v. Wilson, 38 Minn. 341, 37 N. W. 585; Harring-
ton v. Loomis, 10 Minn. 293 (366); County of Stearns v. Smith, 25
Minn. 131; Morey v. Morey, supra; Godfrey v. Valentine, supra.
It is clear that the legislature intended to make the existence of a

confirmed assessment a prerequisite to the jurisdiction of the district court to render judgment for assessment. In re Mousseau's Will, 30 Minn. 202, 14 N. W. 887. Confirmation of the assessment by the district court, or a judge thereof, is by the statute made essential, and if that part of the act is unconstitutional, the part of the act providing for judgment must fall with it. Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513; Smith v. Hurd, 50 Minn. 503, 52 N. W. 922; O'Brien v. Krenz, 36 Minn. 136, 30 N. W. 458; Alexander v. Duluth City, 57 Minn. 47, 58 N. W. 866. The statutory proceedings for final judgment are unconstitutional in that they seek to authorize final judgment in proceedings in rem without seizure of the res by the court, either actual or constructive.

The establishment of a grade is no part of assessment proceedings. The city has no power to improve a street of which the grade has not been previously established, and the district court has no power to confirm or render final judgment for an assessment which the city had no power to make. State v. Judges of District Court, 51 Minn. 539, 53 N. W. 800, and 55 N. W. 122. See Newbery v. Fox, 37 Minn. 141, 33 N. W. 333; City of Chaska v. Hedman, 53 Minn. 525, 55 N. W. 737; State v. District Court of Hennepin Co., 33 Minn. 235, 22 N. W. 625. The prior establishment of a grade is for the protection of the property owner and therefore mandatory, and its omission avoids all subsequent procedure. Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, and 18 N. W. 96; Russell v. Gilson, supra; Merriman v. Knight, supra; State v. Judges of District Court, 51 Minn. 539, 53 N. W. 800, and 55 N. W. 122. Cf. Banning v. McManus, 51 Minn. 289, 53 N. W. 635. If Fitzhugh v. Duluth City, 58 Minn. 427, 59 N. W. 1041, stands, it overrules State v. Judges of District Court, 51 Minn. 539, 53 N. W. 800, and 55 N. W. 122, or else overrules the line of decisions under the general tax laws relative to the effect of omitting mandatory requirements, as well as cases like Mousseau's Will, supra.

The judgment being void for want of jurisdiction in the court to render it, an interested party is entitled, of right, to have it vacated. Covert v. Clark, 23 Minn. 539; Heffner v. Gunz, 29 Minn. 108, 12 N. W. 342; Stocking v. Hanson, 35 Minn. 207, 28 N. W. 507; Bardwell v. Collins, supra; Savings Bank v. Authier, 52 Minn. 98, 53 N. W. 812.

*M. Douglas*, for appellant.

The facts entitled appellant to have the judgment opened. Wieland v. Shillock, 23 Minn. 227, s. c. 24 Minn. 345; Whitcomb v. Shafer, 11 Minn. 153 (232); Hildebrandt v. Robbecke, 20 Minn. 83 (100); Covert v. Clark, 23 Minn. 539; Welch v. Marks, 39 Minn. 481, 40 N. W. 611. Notice of assessment and of confirmation is jurisdictional. Sewall v. City of St. Paul, 20 Minn. 459 (511); Flint v. Webb, 25 Minn. 93; Fitzhugh v. Duluth City, 58 Minn. 427, 59 N. W. 1041; Sutherland, Statutory Construction, §§ 454–457; Lane v. Burnap, 39 Mich. 736; Burnett v. Drain Com'r, 56 Mich. 374, 23 N. W. 50; Bennett v. Drain Com'r, 56 Mich. 634, 23 N. W. 449; Welker v. Potter, 18 Ohio St. 85; Overmann v. City of St. Paul, 39 Minn. 120, 39 N. W. 66; Welty, Assessments, § 221; Eaton v. Lyman, 33 Wis. 34; Collins v. Smith, 57 Wis. 284, 15 N. W. 192; Ward v. Walters, 63 Wis. 39, 22 N. W. 844; Cooley, Taxation, 365; Flint v. Webb, 25 Minn. 93. To give the court jurisdiction over the subject matter in order to render a valid judgment in rem there must be (1) seizure of the res, and (2) reasonable notice to the owner that he may appear and defend. Sutherland, Statutory Construction, § 454, and cases cited; Chauncey v. Wass, 35 Minn. 1, 25 N. W. 457, and 30 N. W. 826; Pennoyer v. Neff, 95 U. S. 714–723; Drake, Attachment, §§ 445–449; Works, Courts and Their Jurisdiction, 45, 46, 48; Lutz v. Kelly, 47 Iowa, 307; Drake, Attachment, §§ 436, 437. The establishment of a grade and of a sewer system are prerequisites to the construction of a sewer. State v. Judges of District Court, 51 Minn. 539, 53 N. W. 800, and 55 N. W. 122; State v. District Court of Ramsey Co., 44 Minn. 244, 46 N. W. 349; Matter of Sharp, 56 N. Y. 257; City of Napa v. Easterby, 61 Cal. 509; State v. City of Elizabeth, 40 N. J. Law, 274.

*Page Morris*, for respondent.

Applications to open a judgment are addressed to the discretion of the court and will not be interfered with except in case of abuse. Frankoviz v. Smith, 35 Minn. 278, 28 N. W. 508; Whitcomb v. Shaefer, 11 Minn. 153 (232); Washburn v. Sharpe, 15 Minn. 43 (63); Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Drew v. City of St. Paul, 44 Minn. 501, 47 N. W. 158. The appellant cannot, on this application to open the judgment and to defend, be heard to attack the jurisdiction. County of Stearns v. Smith, 25 Minn. 131; Curtis v.

Jackson, 23 Minn. 268; Com'rs of Houston Co. v. Jessup, 22 Minn. 552; State v. District Court of Ramsey Co., 51 Minn. 401, 53 N. W. 714. The grounds of objection are disposed of by Fitzhugh v. Duluth City, 58 Minn. 427, 59 N. W. 1041. The procedure provided for by the statute constitutes due process of law. County of Redwood v. Winona & St. P. Land Co., 40 Minn. 512, 518, 42 N. W. 473; Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315; Davidson v. New Orleans, 96 U. S. 97; Spencer v. Merchant, 125 U. S. 345, 8 Sup. Ct. 921; Palmer v. McMahon, 133 U. S. 660, 10 Sup. Ct. 324; McMillen v. Anderson, 95 U. S. 37; Hagar v. Reclamation District, 111 U. S. 701, 710, 4 Sup. Ct. 663; Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557; Works, Courts and Their Jurisdiction, 211; Matter of Empire City Bank, 18 N. Y. 199; Happy v. Mosher, 48 N. Y. 313; Cooley, Taxation, (360) 527; Cooley, Constitutional Limitations, (356) 6th Ed., 434; Parker v. Overman, 18 How. 137, 140; State v. Ensign, 54 Minn. 372, 56 N. W. 41; Pennoyer v. Neff, 95 U. S. 714; Stuart v. Palmer, 74 N. Y. 183.

MITCHELL, J.[2] This appeal is from an order of the district court denying the motion of appellant, Dibblee, to vacate and set aside the judgment theretofore entered in this proceeding against certain lots owned by him, and for leave to answer.

1. The assessment was made January 18, 1892; confirmed January 30, 1892; judgment for the amount thereof rendered by the district court February 8, 1893; the property sold on the judgment to the city May 10, 1893; and the appellant's motion to vacate the judgment and for leave to answer was not made until August, 1894. The court below, although satisfied that the proposed defense of appellant to the application for judgment was a valid and meritorious one, denied his motion, on the ground that a sufficient showing had not been made to justify it, in the exercise of its discretion, in opening the judgment.

The judge may have stated the case too strongly in saying that it would have been an abuse of discretion to grant the motion; yet, assuming that the judgment was valid, we are clearly of opinion that there was no abuse of discretion in denying it. All summed

[2] Canty, J., absent, took no part.

up, appellant's excuse for not sooner objecting to the assessment is that he is a nonresident; that he did not know of the assessment until May, 1894; that his agent or agents in Duluth, through whom he paid his taxes, never informed him of it; that, having been advised that all assessments were payable at the county treasurer's office, he made inquiries at that office, and was not aware of the change in the law making such assessments payable at the city comptroller's office. Unless we are to establish different rules for resident and nonresident property owners, this showing is not such as to require a court, in the exercise of its discretion, to grant relief by opening the judgment after the lapse of so long a time. It is not necessary to consider what would have been the rights of appellant as a nonresident had his application been made within one year after the rendition of the judgment.

2. The appellant contends, however, that he was entitled to have the judgment vacated as a matter of right, because it was absolutely void for want of jurisdiction in the court to render it. The objections to the validity of the judgment go—First, to the validity of the prior proceedings in making and confirming the assessment; and, second, to the validity of the statute providing for the confirmation of the assessment, and subsequently for the rendition of judgment therefor against the land, by the district court.

The objections falling under the first head are: (1) That no street grade or sewer system embracing the lands in question had been established prior to the time of constructing the sewer for which the assessment was made; (2) that the assessment was made on an illegal basis, to wit, according to area instead of benefits; (3) that the property was in no way benefited by the improvement, being in no way connected with the sewer, and more than a mile distant from it; (4) that only nine days' notice was given of the meeting of the board of public works for the purpose of making the assessment, whereas the law required ten days' notice; (5) a like defect in the notice given by the board of public works of the application to the district court for the confirmation of the assessment. It is also urged that the provisions of the statutes relating to the confirmation of assessments by the district court are invalid; but, as this raises the same question involved in the objection urged as to the validity of that part of the statute assuming to give the court

jurisdiction to render final judgment, we shall leave the two to be hereafter considered together. That none of these grounds of objection go to the jurisdiction of the court to render final judgment was determined adversely to appellant's contention in the case of Fitzhugh v. Duluth City, 58 Minn. 427, 59 N. W. 1041. Counsel attempt to distinguish that case from this, but we fail to see any room for such distinction. It is true that in that case the attack on the judgment was collateral, while in the present case it is direct. But that is immaterial; for, if a judgment is void for want of jurisdiction in the court rendering it, it is assailable collaterally as well as directly.

One of the counsel for appellant rests his attack on the jurisdiction of the court to render judgment (aside from the alleged invalidity of the statute) upon the invalidity of the confirmation of the assessment, contending that it is only a confirmed assessment for which the court has jurisdiction to render judgment, while the failure to previously establish a grade (which was the fact in the Fitzhugh Case) is a mere irregularity, which does not go to the jurisdiction of the court. But the logic of counsel's argument necessarily leads to the conclusion that defects or omissions in making the assessment would go to the jurisdiction of the court, as well as defects or omissions in the confirmation of it; for, if it is only a legally confirmed assessment for which the court has jurisdiction to render judgment, then, on the same principle, it is only an assessment legally made that the court has jurisdiction to confirm, and an assessment can only be legally made by the board of public works after a street grade and a sewer system have been established. Therefore it is only for an assessment thus in all respects legally made that the court has jurisdiction to render judgment. Indeed, when counsel comes to ask the court to reconsider the decision in the Fitzhugh Case, this is exactly the position which he is compelled to take. But, if all prior proceedings were in all respects regular, there would be no need of any final judgment. The rendition of it would be a mere idle ceremony.

The jurisdiction of a court consists of—First, authority over the subject-matter; and, second, authority over the parties concerned. In this case the first comes from the statute, which designates the particular proceeding as one of which the court may take cognizance

when the parties are properly before it. The second comes from the proper institution of the proceedings, and the giving to the parties concerned the notice required by the statute. The improvement in this instance was one of the class or kind which the board of public works had a right to make, and for which they had a right to make assessments. That gives the court jurisdiction of the subject-matter. Whether in doing so the board had first established a grade and sewer system, and whether the assessment had been legally confirmed, were matters which did not go to the jurisdiction of the court over the subject-matter; and the giving of the notice required by the statute gave it jurisdiction of all parties concerned.

3. The appellant's second contention is that so much of the charter of the city of Duluth as relates to the confirmation of assessments and the rendering of final judgment therefor by the district court is void under the state and federal constitutions, because the method by which such court is authorized to acquire jurisdiction does not constitute due process of law.

It is not claimed that the notices to parties concerned provided for by the charter are not sufficient to constitute due process of law. Neither is it claimed that the proceedings would not constitute due process of law if had before some administrative board or body. But the contention is that, the legislature having seen fit to appeal to a court to conduct the proceedings, it was incumbent on them, in order to constitute due process of law and give the court jurisdiction, to adopt a procedure appropriate to that class of judicial proceedings; that, so far as conducted in court, it is a strictly judicial proceeding in rem; that in judicial proceedings in rem the seizure of the res, either actual or constructive, is essential to the jurisdiction of the court over the subject-matter; that under this charter there is no provision for the seizure of the res (the property), either actual or constructive, by the court. By reference to sections 63 and 64 (chapter 5) of the city charter it will be found that the notice of the application for the confirmation of the assessment is to be given by the board of public works, and that notice of application for judgment is to be given by the city comptroller; that upon confirmation the assessment roll is to be filed in the office of the board of public works, and not with the clerk of the court; that, while the notice for the application for judgment is required to contain a description

of the lands, no list of them is required to be filed in court at the date of the notice, and none is required to be filed until proof of the publication is filed on the day of hearing.

It seems to us that counsel fail to appreciate the precise nature of these proceedings. They are but an exercise of the power of taxation. The confirmation of the assessment and the rendition of judgment for the amount by the court are not "judicial," in the strict sense. They are but steps in an administrative proceeding, in which judicial assistance is invoked as a matter of convenience, because with its assistance the rights of parties and the interests of the public can be best protected and conserved. In Matter of Trustees N. Y. E. P. School, 31 N. Y. 574. These proceedings might have been conducted from start to finish before or by administrative bodies or officers, when, as is admitted, no seizure of the property would be necessary to constitute due process of law. The one essential to due process of law in the exercise of the power of taxation is that, at some stage of the proceedings, the parties concerned shall have notice and an opportunity to interpose any defense they may have as to either the validity or amount of the tax. County of Redwood v. Winona & St. P. Land Co., 40 Minn. 512, 41 N. W. 465, and 42 N. W. 473; Davidson v. New Orleans, 96 U. S. 97. No seizure of the property is required other than such constructive seizure as may be involved in the institution of proceedings against the property in the manner provided by statute. For the purposes of taxation, the hand of the state is always on all property within its jurisdiction. The nature of the proceedings is not changed by the mere fact that, at certain steps in their progress, the assistance of a court is invoked. A seizure of the property is no more necessary than is the exercise of the power of eminent domain. If a seizure was relied on as notice to the parties concerned, appellant's claim that there was no sufficient seizure to constitute due process of law would be well taken. But, under the statute, it is the 20 days' notice which gives the court jurisdiction of the parties concerned, and the sufficiency of that notice is not questioned.

Order affirmed.