JOHN EDWARD THOMAS v. WILLIAM D. HALE.[1]

February 8, 1901.

Nos. 12,446—(212).

### Insolvent Corporation—Action on Foreign Judgment.

In an action by a judgment creditor against the receiver of an insolvent corporation to recover the amount of a judgment recovered against such receiver in a foreign jurisdiction—

### Order to Show Cause—Res Judicata.

1. *Held*, that an adverse holding in proceedings by way of motion and order to show cause for the allowance of the claim does not constitute a bar to a subsequent action on the judgment.

### Equitable Defense.

2. *Held*, in such subsequent action, the receiver cannot defend upon the ground that certain equities determined adversely to him in the foreign litigation were in fact prejudicial to the rights of the other creditors.

Action in the municipal court of Minneapolis against defendant as receiver of American Savings & Loan Association, insolvent, on a judgment. The case was tried before Kerr, J., who found

1 Reported in 85 N. W. 156.

in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Jayne & Dickson,* for appellant.

*Hay & Van Campen,* for respondent.

LEWIS, J.

In 1896 defendant, Hale, was appointed by the Hennepin county district court receiver of the American Savings & Loan Association, insolvent, under the provisions of G. S. 1878, c. 76 (G. S. 1894, §§ 5889-5911). In 1898 the receiver commenced proceedings in the courts of Utah against the plaintiff to foreclose a certain mortgage upon certain real estate. That action resulted adversely to the receiver, and a judgment was rendered against him for the sum of $168. Plaintiff then appeared, in January, 1900, in the insolvency proceedings in the district court of Hennepin county, and obtained an order on the receiver to show cause why the judgment obtained in the Utah court should not be paid by the receiver. The motion was denied, and the order discharged.

Thereupon plaintiff obtained an order of the court to sue the receiver, and brought an action against him in the municipal court of Minneapolis. Two defenses were interposed by the receiver: First, that the proceedings to collect the judgment by order to show cause constituted res adjudicata, and was a bar to the action; and, second, as a matter of defense, pleaded certain equities and rights involved in the action which resulted in the judgment sued upon. The trial having resulted in favor of the defendant, plaintiff appeals from an order denying his motion for a new trial.

1. The proceedings to collect the judgment by order to show cause were not a bar to this action. While it is true that parties may fully submit and finally litigate matters in dispute in such proceedings without the medium of an ordinary action in form (Truesdale v. Farmers L. & T. Co., 67 Minn. 454, 70 N. W. 568), it does not appear that the court actually passed upon the merits of the action. The record does not disclose upon what ground the application was denied. It might have been for inadequate service of the motion papers, that the proper parties were not before

the court, or upon the ground that the remedy was not the proper one.

2. We are satisfied that the court was in error in holding that the receiver, as such, could in this action defend as to the merits on behalf of the creditors. The judgment in the Utah court was obtained against the receiver. This action is simply and only based upon that judgment. Having submitted himself to the jurisdiction of the Utah courts, he cannot now resist the entry of a judgment in the courts of this state which is based wholly upon the result of the litigation in the foreign court. We do not now decide what the effect of a judgment for plaintiff in this action will be,—whether he will be any better off then than now. The creditors are not parties to this proceeding, and it will be time enough to determine what their rights are in the premises when that question is reached.

Order reversed and a new trial granted.