LYNDON HAWKINS v. GEORGE W. HORTON and Another.[1]

January 15, 1904.

Nos. 13,693—(115.)

**Assessment for Local Improvement—Petition.**

The charter of the city of Duluth in force in 1892 (section 58) provided two methods for initiating proceedings for local improvements: (1) By petition of a majority of the property owners to be affected thereby, addressed to the council, and requesting the improvement; and (2) by independent action of the city council upon determination by resolution that the proposed improvement was a public necessity. The proceedings under consideration in this case were initiated by petition of the property owners, and, as it was not signed by a majority of the property owners affected by the improvement, it is *held* that it conferred no authority upon the city council to act. A properly signed petition was, under the provisions of that charter, jurisdictional, and a prerequisite to the authority of the council to order a public improvement, the cost and expense of which was to be assessed against property benefited.

**Validity.**

Such defect in the proceedings was fatal to the validity of the judgment for the assessments made against property benefited by the improvement, and was not a mere irregularity, which was cured by the judgment.

[1] Reported in 97 N. W. 1053.

Action in the district court for St. Louis county to determine the adverse claims of defendants, George W. Horton and Sydney Brown, to certain vacant and unoccupied land. The case was tried before Ensign, J., who made findings of fact, and as conclusions of law found that defendant Horton was the owner of the land, subject to the lien of defendant Brown for the amount of a local improvement assessment certificate held by him. From a judgment entered pursuant to the findings, defendant Horton appealed. Reversed and remanded with instructions.

*J. W. Reynolds,* for appellant.

*Greene & Wood,* for respondent.

BROWN, J.[2]

Action to determine adverse claims to real property, in which defendant Brown had judgment, and defendant Horton appealed. The title relied upon by plaintiff was founded upon a tax assignment certificate, which the trial court found invalid, and plaintiff dropped out of the action. Defendants Horton and Brown claiming the property adversely to each other, and also adversely to plaintiff, the trial proceeded below principally between them. Plaintiff does not complain of the judgment against him, and we have only to determine the case as between the defendants.

The facts are as follows: Defendant Horton is the owner of the property in fee; subject to whatever rights defendant Brown acquired by the assignment of the rights of the city of Duluth, alleged to have been vested in it by a certain judgment and sale in proceedings in which the property was assessed for public improvements. The question presented is the validity of the special assessment proceedings. Subsequent to the entry of judgment in those proceedings for the amount of the assessment, the city caused the property to be sold in the manner prescribed by law, at which sale it became the purchaser. Thereafter it assigned such title and interest as it thereby acquired to defendant Brown, who caused notice of redemption to be given; but no redemption was ever made. Subsequent to the expiration of the period of redemption the city formally executed a deed of the property

[2] LEWIS, J., having as district judge ordered the judgment in the assessment proceedings, took no part.

to Brown. The trial court found that the sale of the property under the judgment, the assignment of the rights of the city to Brown, the notice of the expiration of the period of redemption, and the deed from the city to Brown "were each and all void," but nevertheless held as a matter of law that the assignment and deed from the city to Brown operated as an equitable transfer of the lien of the judgment to him, and ordered judgment that defendant Horton was the owner of the property, subject to such lien.

The charter of the city of Duluth (section 58), under which the proceedings here involved were conducted, provided as follows:

> "Proceedings for the making of any improvement for which it is proposed to assess property owners shall be made in one of the two following ways: The property owners fronting upon the line of the proposed improvement, or those who are to be assessed therefor, or both, may ask for the making of said improvement, by petition in writing to the common council. If no petition is made asking for the making of said improvement, and if, in the opinion of the common council, public necessities require that it should be made, the common council may, by resolution, declare that, in their judgment, the making of the improvement contemplated is necessary."

It will be observed that there were two methods by which public improvements might be ordered made by the city authorities, the cost and expense of which were to be assessed against property benefited: First, on petition of the property owners; and, second, by independent action of the city council. In case the council proceeded without petition from the property owners, they were required by resolution to determine that the proposed improvement was a public necessity. A fair construction of the other provisions of the charter on this subject, in connection with the provision just quoted, requires that, when action was taken and proceedings initiated by petition, it should be signed by a majority of the property owners affected thereby, or to be assessed for the expense of the improvement. The trial court found in this connection as follows:

> "That on October 25, 1892, a petition containing the names of less than a majority of the owners fronting on the line of the

proposed improvement, and less than a majority of those to be and who were assessed therefor, was presented to the city council of Duluth, said county, for a sanitary sewer in Fourth street from Fourteenth Avenue East to Sixteenth Avenue East, and the same was referred to the board of public works of the city, who reported back the facts aforesaid, with an estimate of the cost of the proposed work. That the council never found that the improvement was necessary, but on May 16, 1892, by resolution authorized the construction of a sanitary sewer in Fourth street from Fourteenth Avenue East to Pennsylvania avenue, with an outlet in Fourteenth Avenue East from Third street to Fourth street, and house connections from the sewer to the rear curb side."

It clearly appears from these findings that the proceedings here in question were initiated by petition, and not by independent action of the council, for the findings above quoted expressly state that the council never found that the proposed improvement was a public necessity; and, further, that the petition was received by the council and referred to the board of public works for their investigation and report. The findings referred to state that upon presentation of this petition it was referred to this board, and by it subsequently reported back, with an estimate of the cost and expense of the proposed improvement, and this was the procedure required by other provisions of the charter; whereupon, and acting upon that report, the city council ordered the sewer constructed. The question, then, is whether the proceedings initiated and based upon the petition of less than a majority of the property owners affected thereby are valid.

1. The authority of the municipality to order improvements of this character, the cost and expense of which are to be defrayed by assessments against property benefited, was conferred wholly by the city charter. It does not exist at common law. The law on this subject is very clearly laid down in 2 Cooley, Taxn. 1243, where it is said that municipalities have no inherent power in cases of this kind, and it is necessary to the validity of their action that they keep close to the authority conferred by statute. Their legislative action, if properly taken, is conclusive of the propriety of the proposed improvement,

but it will not conclude as to the preliminary conditions precedent to their right to act; such, for example, as that there shall be in fact such a street as they undertake to provide for the improvement of, or that the particular improvement shall be petitioned for by a majority of the property owners. The requirement in respect to the petition of the property owners the author says must be regarded with great importance, and a failure to observe it, and action upon an insufficient petition, will be fatal at any stage of the proceedings—citing a large number of cases, among others Dyer v. Miller, 58 Cal. 585; Merritt v. City, 175 Ill. 537, 51 N. E. 867; Case v. Johnson, 91 Ind. 477; Twiss v. City, 63 Mich. 528, 30 N. W. 177; Fass v. Seehawer, 60 Wis. 525, 19 N. W. 533; City v. Reeves, 177 Ill. 171, 52 N. E. 278; Batty v. City, 63 Neb. 26, 88 N. W. 139. The petition upon which the improvement in question was ordered was not signed by the requisite number of property owners, and within this rule conferred no jurisdiction upon the city council to act. It must therefore follow that the proceedings, both by the city and the district court, where judgment for the assessment was entered, are wholly void. Though no case in this court directly in point has been called to our attention, the following sustain in principle the rule laid down in 2 Cooley, Taxn.; Althen v. Kelly, 32 Minn. 280, 20 N. W. 188; State v. District Court, 90 Minn. 294, 96 N. W. 737; Sewall v. City of St. Paul, 20 Minn. 459 (511); Overmann v. City of St. Paul, 39 Minn. 120, 39 N. W. 66.

The case at bar is wholly unlike State v. Judges, 51 Minn. 539, 53 N. W. 800, 55 N. W. 122, Fitzhugh v. Duluth City, 58 Minn. 427, 59 N. W. 1041, and City of Duluth v. Dibblee, 62 Minn. 18, 63 N. W. 1117. The defects there relied upon to sustain the contention that the proceedings were invalid were irregularities not going to the jurisdiction of the city to proceed in the premises. The rule was in those cases correctly laid down that the parties were concluded as to all such defects, mere irregularities, by the judgment entered in the proceedings. But they do not sustain the contention that a petition by a majority of the property owners to be affected is not a jurisdictional prerequisite to the authority of the city to order a public improvement of this kind.

2. Subsequent to the entry of judgment in the assessment proceedings below, defendant Horton moved the court, as the owner of the property, to vacate and set aside the judgment as unauthorized and

void. The motion was granted, but subsequently the order granting it was, on motion of defendant Brown, vacated and set aside. It is claimed that by the order vacating the order setting the judgment aside the merits involved in the judgment were considered and determined adversely to Horton, and he is now bound thereby. We do not concur in this view of the case. The judgment was set aside on Horton's motion, without notice to defendant Brown, and the motion to vacate that order was based, not upon the merits of the special assessment judgment, but upon the fact that Brown had no notice of the prior motion. The doctrine of res judicata does not apply to orders of the court entered on motions, unless it affirmatively appears that the merits of the controversy were necessarily involved and determined therein. Kanne v. St. Louis Ry. Co., 33 Minn. 419, 23 N. W. 854; Heidel v. Benedict, 61 Minn. 170, 63 N. W. 490; Thomas v. Hale, 82 Minn. 423, 85 N. W. 156. It is clear that the merits of the controversy were in no manner involved in the motion of defendant Brown to vacate the previous order setting the judgment aside, and are not final or conclusive of the validity of the judgment.

It follows that the judgment appealed from must be reversed, and, as there is no controversy as to the facts, the cause will be remanded, with directions to the court below to amend its conclusions of law by directing judgment in favor of defendant Horton to the effect that he is the owner of the property in question, free and clear of any claim of lien under the judgment. It is so ordered.