LODOWIC D. HAUSE v. CITY OF ST. PAUL.[1]

January 20, 1905.

Nos. 14,128—(196).

**Judgment in Local Assessment Proceeding.**

Judgments in local assessment proceedings conducted by the city council under the provisions of the charter of St. Paul stand upon the same basis as judgments in ordinary tax proceedings, and cannot be impeached in a collateral action by showing a want of authority in the city council to order the improvement for which the assessment was made.

**Case Distinguished.**

Hawkins v. Horton, 91 Minn. 285, distinguished and explained.

[1] Reported in 102 N. W. 221.

Action in the district court for Ramsey county to determine the adverse claims of defendant to certain land. The case was tried before Olin B. Lewis, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed.

*J. C. Michael* and *G. R. O'Reilly,* for appellant.

*S. C. Olmstead* and *W. T. McMurran,* for respondent.


BROWN,. J.

This action was brought against the city of St. Paul to determine adverse claims to certain real property located in the city. Defendant interposed in defense that it held a lien upon the property by virtue of certain certificates of sale issued pursuant to a judgment and sale in local improvement proceedings conducted by the city, in which the property was assessed for benefits accruing thereto by the improvements made. For aught that appears from the record, the court in which the judgment in those proceedings was rendered had jurisdiction of the subject-matter, and all proceedings therein, leading up to and including the entry of the judgment and subsequent sale, were in all things regular and in conformity with law. Plaintiff seeks to impeach the certificates for defects in the proceedings, anterior to the judgment, the precise defect urged being a failure on the part of the city council to observe certain provisions of the city charter authorizing the proceedings.

The charter of the city of St. Paul, in reference to local improvements of the nature of those here involved, provides that no such improvement shall be ordered until at least one-third of the owners of property to be affected shall petition for the same. At the trial plaintiff offered to show that the proceedings under which defendant claims its lien were unauthorized by the proper petition; that no petition signed by one-third of the property owners to be affected by the improvement was, prior to the time the city council ordered the same, presented to that body. The evidence was objected to, and the objection overruled by the trial court, to which ruling the city excepted. The court ordered judgment for plaintiff, and defendant appealed from an order denying its motion for a new trial.

The only question presented is whether the judgment, pursuant to which defendant's certificates were issued, and under which it claims its asserted lien, is void by reason of the fact that proceedings before the

city council were not initiated by a proper petition. It was held in Hawkins v. Horton, 91 Minn. 285, 97 N. W. 1053—a case involving the validity of local improvement proceedings under provisions of the charter of the city of Duluth similar to those of the city of St. Paul—that the city council was unauthorized to order an improvement of the kind, except upon petition of the owners of the property to be affected thereby, and that a properly signed petition was, under the charter, a jurisdictional prerequisite to the authority of the council to proceed. That case must be taken as decisive that a proper petition is an essential prerequisite in such proceedings. It does not follow, however, that the judgment in the proceedings in question was void by reason of the fact that the necessary petition was not presented to the city council.

If the question were presented in a direct proceeding, the absence of a petition would be fatal, but in the case at bar it is presented in a collateral proceeding; and this, all our decisions, where the point has been presented, hold cannot be done. Judgments in local assessment proceedings under municipal charters have been uniformly placed upon the same basis and footing as judgments in ordinary tax proceedings. The jurisdiction of the court to render the judgment is presumed, and it cannot be attacked collaterally for defects in the proceedings anterior to the judgment, and this includes defects which go to the jurisdiction of the city authorities to order the improvement or initiate or conduct the proceedings. Where it appears that the court had jurisdiction of the subject-matter, and acquired jurisdiction of the owners of property affected, in the manner prescribed by charter, the judgment rendered therein is valid, and any defense which the landowner has against the assessment because of errors or irregularities in the proceedings prior to the judgment is res judicata. Hennessy v. City of St. Paul, 54 Minn. 219, 55 N. W. 1123; City of Duluth v. Dibblee, 62 Minn. 18, 63 N. W. 1117; State v. District Court, 51 Minn. 539, 53 N. W. 800, 55 N. W. 122. Following these, and other decisions of this court on the subject, the conclusion must be that the judgment and sale under which defendant claims a lien on the property in question were valid, and cannot be impeached in this collateral action on the alleged ground that the city council had no authority to order the improvement for which the assessment was made.

The trial court disposed of the case in reliance upon Hawkins v. Horton, supra; but the question whether a judgment in such proceedings, appearing fair upon its face, could be attacked collaterally for want of jurisdiction in the city authorities to order the improvement was not presented by counsel, considered, or decided. The decision in that case was made on the theory that the attack on the judgment was direct, and not collateral. The validity of the judgment and sale there before the court was litigated by the consent of parties in the trial court. The facts showing the absence of a petition requesting the city council to order the improvement there involved were expressly found by the trial court, to which no objection was made. When the cause reached this court the point that the judgment could not be attacked collaterally was not made in the briefs, and the court treated the case as a direct attack, and disposed of it accordingly. It is therefore not in point in the case at bar.

Order reversed and new trial granted.