FRANK J. OBST v. BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY.[1]

June 9, 1905.

Nos. 14,163—(8).

**Tax List.**

Where refunded taxes which were sought to be recovered by inclusion in the tax list for a subsequent year were not lumped with current taxes, but were separately stated, year by year, so as to set forth correctly the name of the owner, the description of the premises, and the amount charged against each tract and year, *held,* that the list as published and as entered in the judgment book was valid upon collateral attack.

[1] Reported in 103 N. W. 893.

Action in the district court for Ramsey county to recover from the county $95.59 real estate taxes paid by plaintiff under protest. The case was tried before Bunn, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*William G. White*, for appellant.

*T. R. Kane*, County Attorney, and *O. H. O'Neill*, Assistant County Attorney, for respondent.

JAGGARD, J.

On April 4, 1904, the plaintiff, acting for the National Bond & Security Company, presented to the county auditor of Ramsey county a warranty deed, in which said National Bond & Security Company was named as grantor and the plaintiff as grantee, purporting to convey to plaintiff the premises described in the complaint. Plaintiff demanded of the county auditor that he indorse upon said deed his official certificate that there were no taxes delinquent and due upon said real estate, and further demanded of said auditor that he enter the transfer of said real estate to plaintiff upon the books and records of his office. The county auditor refused to make the endorsement or enter the transfer because it appeared by his books that the taxes against these premises for the years 1892, 1893, and 1894 were delinquent and unpaid, and held in the name of the state. The plaintiff then paid the amount of these taxes for the years in question, amounting to $95.59, and at the time of payment protested that the same were not a lien, or due, delinquent, or unpaid. In taking these steps, it appears that the object of the plaintiff was to test the validity of these taxes, and the property in question was merely conveyed to him for this purpose. The National Bond & Security Company and the plaintiff claim title through a tax certificate for the taxes of 1895. This same company was also owner and holder of the tax certificates for the taxes of 1892, 1893, and also held the delinquent tax of 1894, which it had paid as subsequent. On April 12, 1901, the taxes of 1892, 1893, and 1894, with interest as provided by law, were refunded to said National Bond & Security Company, pursuant to the provisions of section 1697, G. S. 1894. The taxes so refunded were appended to the list of taxes remaining delinquent on the first Monday in January, 1902, and, not being

paid, judgment was entered therefor, and the property was sold, and, for want of a purchaser, bid in by the state. It was these taxes that the plaintiff paid under protest as aforesaid.

This case might be made the occasion of a dissertation upon many interesting, important, and unsettled questions in current tax law. The issues properly involved, however, are confined within very narrow limits. The right of the state at some time, and in the manner prescribed by statute, to collect from land taxes which it has refunded to the purchaser of an invalid certificate, is clear and undisputed. In this case it has sought to enforce that right. The judgment entered thereon stands as final as to all controversies excepting only those which may properly be the basis of collateral attack. Falvey v. Board of Co. Commrs. of Hennepin County, 76 Minn. 257, 79 N. W. 302; Hause v. City of St. Paul, 94 Minn. 115, 102 N. W. 221. Objections which might have been successfully maintained as defenses by way of answer, as the wrongful inclusion of costs of sale, are waived by a failure to assert them duly in that way, and do not invalidate the formal adjudication of the court. In this respect the present rules of law differ primarily from those in force when the proceedings to collect taxes were summary, as distinguished from judicial, in their nature. For example, a number of questions as to the legality of this tax might fairly be resolved in favor of plaintiff, as his counsel contends, under the rule laid down in St. Anthony Falls Water Power Co. v. Greely, 11 Minn. 225 (321); but that case involves sales made anterior to 1866 under a system in which no action was commenced and no judgment was rendered. These considerations eliminate all controversies in this case, except those pertaining to the means of obtaining jurisdiction and to the judgment itself.

As to the former the principal contention is that refunding taxes is not "included with the taxes thereon for the current year in the next delinquent tax sale" (G. S. 1894, § 1610), but is inserted in the published delinquent list entirely separate therefrom, and without any heading or other information to suggest their character, or that they are, in point of fact, refunded taxes. These provisions, the argument is, which define the method by which a refunded tax may be enforced, must be held to be mandatory, and not directory.

The published list, after the usual notice and description of other

lands, and a statement of the charges against them, proceeded to name the owner, to describe the lands here in controversy, and to state the amount of taxes delinquent on the first Monday of January, 1902, and thereafter to similarly charge the balance of lands in the county for such taxes. Then followed entries concerning taxes in other assessment districts for prior years. In due course appeared the name of the owner, the description of the lands involved in this suit, year by year, under a heading, "Prior Years," for each of the years for which taxes had been refunded, and finally the amount of taxes and penalty for each year and lot. The list was duly verified. In brief, the refunded taxes were not lumped with current taxes, but were separately stated, the name of the owner was given, the property was correctly described, the prior years for which taxes were sought to be enforced were distinctly set forth, and the amount against each tract for each year was correctly stated. This specific statement gave full notice of every material fact. Any one examining it completely must have discovered each and all amounts of taxes levied against each and all lots. It is no hardship to require the list to be examined as a whole. If wrong at all, this method of statement could only be said to be irregular, but not in any sense that would affect the validity of the judgment. Whitney v. Wegler, 54 Minn. 235, 55 N. W. 927; State v. Baldwin, 62 Minn. 518, 65 N. W. 80.

There is no more force to the further objection that in legal effect four separate and distinct judgments were rendered against each lot, namely, one tax for the current year, 1900, one judgment for the tax of 1892, one judgment for the tax of 1893, and one judgment for the tax of 1894. The resulting charge on each lot was the same as if there had been but one judgment. An examination of the judgment as a whole must have resulted in this knowledge. No prejudice with respect to redemption ensued. If additional costs were imposed, the time for objection on that ground expired with the time for answer.

Order appealed from affirmed.